IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANNY M. BENNETT, et al.,

    Plaintiffs,

       v.

DENNIS LEE HENDRIX,
Individually and in his official capacity
as Sheriff of Forsyth County, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:00-CV-2520-TWT

## ORDER

This is a libel action.  It is before the Court on the Defendant's Motion to Stay Execution of Judgment and for Relief From Posting a Supersedeas Bond [Doc. 373] and the Plaintiffs' Motion to Require Defendant Hendrix to Post a Cost Bond and a Supersedeas Bond [Doc. 377].  The Plaintiffs' motion is GRANTED and the Defendant's motion is DENIED.

## I. BACKGROUND

On May 7, 2007, this Court pursuant to the jury verdict entered judgment in favor of the Plaintiffs Danny M. Bennett and Danny L. Reid on their libel claim against former Sheriff Dennis Lee Hendrix.  Bennett was awarded $3,600,000, and Reid $3,100,000.  On May 17, 2007, Hendrix filed a Notice of Appeal [Doc. 372], as

well as a Motion for Judgment as a Matter of Law [Doc. 371].  He also filed this

Motion to Stay Execution of Judgment and for Relief From Posting a Supersedeas

Bond [Doc. 373].  The Plaintiffs responded to that motion, and also filed a Motion to

Require Defendant Hendrix to Post a Cost Bond and a Supersedeas Bond [Doc. 377].

## II. <u>DISCUSSION</u>

Hendrix argues that he is entitled to stay as a matter of right.  He argues that

Georgia law provides the rule of decision in this case, but by way of the Federal Rules

of Civil Procedure.  He cites Rule 62(f), which provides that:

> In any state in which a judgment is a lien upon the property of the debtor
> and in which the judgment debtor is entitled to a stay of execution, a
> judgment debtor is entitled, in the district court held therein, to such stay
> as would be accorded the judgment debtor had the action been
> maintained in the courts of that state.

Neither party contests the fact that Georgia law applies to the matter at hand.  They

agree that, in Georgia, a judgment is a lien upon the property of a judgment debtor.

<u>See</u> O.C.G.A. § 9-12-80.  Drawing upon Georgia law, Hendrix makes three arguments

for why he may avoid the obligation of posting a supersedeas bond.   All three

arguments must fail.

First, he cites O.C.G.A. § 9-11-62(d), which relieves county officials of the

obligation of posting a bond once they have filed an appeal.  Hendrix argues that he

may take shelter under the refuge of this statute because he was a county official when

he libeled the Plaintiffs.  This provision does not apply to Hendrix.  As this Court already ruled in its February 1, 2002 Order, Hendrix's actions did not amount to "county" action, nor could the actions he took in his individual capacity be fairly attributed to the county.  The statute is inapplicable.

Second, Hendrix cites O.C.G.A. § 5-6-46(a), and argues that Georgia law entitles those who file an appeal to an automatic stay without having to post a bond. Not only is Hendrix's reading of the statute wrong, but it actually goes the other way. The statute mandates that the Court grant the Plaintiffs' motion.  Hendrix is correct to quote the first part of the statute.  "In civil cases, the notice of appeal . . . shall serve as supersedeas . . . and it shall not be necessary that a supersedeas bond . . . be filed." O.C.G.A. § 5-6-46(a).  The rest of the statute, in the fact the next part of the same sentence, goes on to state that "upon motion by the appellee . . . the trial court *shall* require that supersedeas bond or other form of security be given with such surety as the court may require, . . ."  See also Bank of South, N.A. v. Roswell Jeep Eagle, Inc., 200 Ga. App. 489 (1991) ("O.C.G.A. § 5-6-46(a) provides that the appellee *shall be entitled* to the posting of a supersedeas bond upon its motion . . . [T]he purpose is for its judgment to be protected from non-satisfaction in the event appellant has insufficient assets to satisfy the judgment when the judgment is affirmed on appeal.") (emphasis added).  Thus, the statute explains that a supersedeas bond is unnecessary,

but only in the absence of a motion by the appellee.  Once the appellee moves for a supersedeas bond, it is entitled to that bond, and the Court's discretion on the question of whether a bond is necessary vanishes.  The Court is therefore "authorized to set an amount which would satisfy the judgment and other items to which appellee would be entitled if and when the judgment became affirmed."  Id.

Third, Hendrix argues that because he has filed a Motion for Judgment as a Matter of Law that he is entitled to an automatic stay.  He refers to O.C.G.A. § 9-11-62(b) ("The filing of a motion for a new trial or motion for judgment notwithstanding the verdict shall act as supersedeas unless otherwise ordered by the court; but the court may condition supersedeas upon the giving of bond with good security in such amounts as the court may order.").  Nothing in the statute prevents this Court from requiring the Defendant to post a bond.  Even if the motion for a new trial shall act as "supersedeas," the Court would still be obligated to honor the Plaintiff-appellee's request for bond under O.C.G.A. § 5-6-46(a).  Furthermore, the language of the statute is not mandatory.  The "unless otherwise ordered by the court" language clearly contemplates that other factors may cut against the need to treat the motion for a new trial as supersedeas.  In this case, there is another statute.

With the exception of Hendrix's arguments that, as a matter of statutory right he is entitled to relief, he has failed to provide the Court with a reason "to depart from

usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment." <u>Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.</u>, 600 F.2d 1189, 1191 (11th Cir. 1979).  The Eleventh Circuit has noted that "[i]t is not the burden of the judgment creditor" to advance the reasons for denying the stay.  <u>Id.</u>  ("Such a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money.").  The Plaintiffs, on the other hand, have an interest in obtaining the bond to secure "against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal."  <u>Id.</u>  Thus, the Defendant's motion should be denied.

## III. <u>CONCLUSION</u>

For the reasons set forth above, the Defendant's Motion to Stay Execution of Judgment and for Relief From Posting a Supersedeas Bond [Doc. 373] is DENIED, and the Plaintiffs' Motion to Require Defendant Hendrix to Post a Cost Bond and a Supersedeas Bond [Doc. 377] is GRANTED.

SO ORDERED, this 4 day of September, 2007.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge